THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

## MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISQUALIFY AND STRIKE

District Judge David Nuffer (sitting under designation from the Tenth Circuit Court of Appeals on Motions to Dismiss Indictment and Disqualify United States Attorney)

UNITED STATES OF AMERICA, Plaintiff,

v.

| | |
|---|---|
| SANTIAGO JESUS PEREZ, Defendant. | Case No. 1:24-cr-01109-MLG |

Defendant Santiago Jesus Perez seeks to disqualify Ryan Ellison from participating in the prosecution of this case, and seeks to strike the government's notice of expert witness testimony[1] as void because it was filed at a time Mr. Ellison was improperly acting as United States Attorney for the District of New Mexico ("Motion").[2] Mr. Perez's Motion raises nearly identical issues of fact and law as motions previously filed by numerous other defendants with pending criminal cases in the District of New Mexico.[3] These motions were premised on the argument

---

[1] United States' Amended Notice of Intention to Offer Expert Testimony, ECF no. 54, filed Aug. 21, 2025.

[2] Defendant's Motio not Disqualify the United States Attorney and Strike Notice of Expert Testimony ("Motion"), ECF no. 70, filed Jan. 9, 2026.

[3] Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 28 in *United States v. Atole*, 1:25-cr-03360-MLG (D.N.M.), filed Dec. 5, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 12 in *United States v. Magnuson*, 1:25-cr-03856-KWR (D.N.M.), filed Nov. 12, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Lucero*, 1:25-cr-03859-KWR (D.N.M.), filed Nov. 25, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Othermedicine*, 1:25-cr-03860-DHU (D.N.M.), filed Nov. 17, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 23 in *United States v. Gallegos*, 1:25-cr-03863-DHU (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Urioste*, 1:25-cr-04140-KG (D.N.M.), filed Jan. 9, 2026; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. James*, 1:25-cr-04142-KWR (D.N.M.), filed Dec. 1, 2025; Motion to

that Mr. Ellison (who claimed to be the Acting United States Attorney for the District of New Mexico) was not validly acting as United States Attorney. Just as Mr. Perez seeks in his Motion, those defendants sought to void the actions of the United States Attorney's Office ("USAO") occurring after the date of Mr. Ellison's resignation as interim United States Attorney, August

Dismiss Indictment and Disqualify United States Attorney, ECF no. 24 in *United States v. Estrada*, 1:25-cr-04147-DHU (D.N.M.), filed Jan. 9, 2026; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Robertson*, 1:25-cr-04407-MLG (D.N.M.), filed Dec. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. Whiteeagle*, 1:25-cr-04650-DHU (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Mika*, 1:25-cr-04824-DHU (D.N.M.), filed Dec. 5, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Pablo*, 1:25-cr-05037-DHU (D.N.M.), filed Dec. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 25 in *United States v. Guliford*, 1:25-cr-05049-JB (D.N.M.), filed Dec. 10, 2025. Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 111 in *United States v. Ramirez-Martinez*, 1:22-cr-01721-KWR (D.N.M.), filed Sept. 17, 2025; Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 100 in *United States v. Brady*, 1:24-cr-01105-MLG (D.N.M.), filed Sept. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 21 in *United States v. Esqueda*, 1:25-cr-03250-JB (D.N.M.), filed Oct. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Chee*, 1:25-cr-03353-JB (D.N.M.), filed Sept. 30, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Black*, 1:25-cr-03354-MLG (D.N.M.), filed Sept. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 19 in *United States v. Kee*, 1:25-cv-03356-KG (D.N.M.), filed Sept. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, EFC no. 16 in *United States v. Gunther*, 1:25-cr-03366-JB (D.N.M.), filed Sept. 15, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Sept. 12, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 22 in *United States v. SEALED*, 1:25-cr-03837-MLG (D.N.M.), filed under seal Oct. 7, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 21 in *United States v. Poellnitz*, 1:25-cr-03858-KG (D.N.M.), filed Oct. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Dominguez*, 1:25-cr-03864-KG (D.N.M.), filed Oct. 14, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 19 in *United States v. Sedillo*, 1:25-cr-03865-JB (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Lopez*, 1:25-cr-04139-DHU (D.N.M.), filed Oct. 30, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Grey*, 1:25-cr-04141-KG (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Cleveland*, 1:25-cr-04145-DHU (D.N.M.), filed Oct. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. Archuleta*, 1:25-cr-04412-DHU (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 26 in *United States v. Benally*, 1:25-cr-04413-KG (D.N.M.), filed Nov. 4, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. McAfee*, 1:25-cr-04418-MLG (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Martinez*, 2:25-cr-03253-SMD (D.N.M.), filed Sept. 10, 2025.

Because these motions, subsequent briefing on these motions, exhibits, and other relevant filings in each case are substantively identical (*see* Motion Management Order, ECF no. 31 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Sept. 24, 2025; Motion Management Order, ECF no. 18 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 15, 2025), this Memorandum Decision and Order will cite only to the motion, subsequent briefing, exhibits, and other relevant filings made in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), or *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), from this point on.

2

13, 2025, including the decisions in the continued prosecution of charges against them because Mr. Ellison lacked lawful authority to exercise the functions and duties of a United States Attorney. And just as Mr. Perez seeks in his Motion, those defendants also sought to disqualify Mr. Ellison from any role in supervising and participating in the prosecution of their cases.

Oral argument on the motions filed in some of these other cases was held on November 14, 2025.[4] On January 14, 2026, a memorandum decision and order entered on the motions in those cases.[5] The memorandum decision and order determined that Ryan Ellison is not, and was never, validly acting as United States Attorney for the District of New Mexico under 5 U.S.C. § 3345(a)(1), and that he had been invalidly claiming to serve in that capacity since his resignation as interim United States Attorney on August 13, 2025.[6] The memorandum decision and order further determined that Mr. Ellison may not perform the functions and duties of the United States Attorney as Acting United States Attorney, and that any claim, assertion, or statement of Mr. Ellison, the USAO, or the administration that he is the Acting United States Attorney, or interim United States Attorney, or United States Attorney is improper and inaccurate.[7] The memorandum decision and order indicated that after its entry, papers filed with those designations of Mr. Ellison in the cases are improper and should be stricken.[8]

However, the memorandum decision and order also determined the defendants' indictments and charges, and other actions taken in the prosecutions, would not be dismissed or

---

[4] Clerk's Minutes for Proceedings Held Before District Judge David Nuffer, ECF no. 49 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Nov. 14, 2025; Revised Redacted Transcript of Proceedings, ECF no. 56 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 18, 2025.

[5] Memorandum Decision and Order Granting in part and Denying in part Motions to Dismiss and Disqualify, ECF no. 59 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Jan. 14, 2026.

[6] *Id*. at 52.

[7] *Id*.

[8] *Id*.

void because they were lawfully signed by other attorneys for the government and there was no showing of due process violations or other irregularities in the defendants' prosecutions resulting from Mr. Ellison's claimed service as Acting United States Attorney.[9] The memorandum decision and order also determined that Mr. Ellison is validly serving as the First Assistant United States Attorney ("FAUSA") for the District of New Mexico and may perform the functions and duties of *that* position as validly delegated to him by an order issued by Attorney General Pamela Bondi on December 4, 2025.[10] This includes "authority to supervise and conduct legal proceedings" in the District of New Mexico and "supervising the conduct of Assistant United States Attorneys and Special Assistant United States Attorneys working on such proceedings."[11] And the memorandum decision and order determined that neither Mr. Ellison nor other attorneys of the USAO would be disqualified from the defendants' cases.[12]

A second memorandum decision and order then entered on January 29, 2026, in the remaining cases having motions seeking to disqualify Mr. Ellison and to void the actions of the USAO following Mr. Ellison's resignation as interim United States Attorney.[13] Because there were no material factual or substantive distinctions between the issues and arguments raised in among the cases,[14] the second memorandum decision and order determined that oral argument

---

[9] *Id*. at 53.

[10] *Id*.

[11] *Id*. (quoting Order, Attorney General Pamela Bondi, Authorizing Ryan Ellison to Perform the Functions of the United States Attorney for the District of New Mexico, Dec. 4, 2025, ECF no. 54-1 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025).

[12] *Id*.

[13] Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss and Disqualify, ECF no. 34 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Jan. 29, 2026.

[14] *Compare* Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 10, 2025; Supplemental brief in Support of Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 16, 2025; Response in Opposition to Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 23 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 17, 2025; Notice of Supplemental Authority, ECF no. 24 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec.

4

was unnecessary.[15] The second memorandum decision and order determined that the discussion, analysis, findings, and conclusions of the first memorandum decision and order apply equally to the facts, issues, and arguments raised in the other cases, and dictate the same result.[16]

On February 2, 2026, Mr. Perez and the USAO were ordered to file supplemental memoranda specifically addressing whether, and on what factual or legal basis, Mr. Perez's Motion would have a different result from the determinations on the defendants' motions in the other cases.[17] Mr. Perez filed his supplemental memorandum on February 6, 2026, in which he "concede[d] that the legal reasoning applied in the [prior memorandum decisions and orders] effectively forecloses the relief should in his Motion at the District Court level."[18] Mr. Perez, however, did not assent or agree to the denial of the relief sought in his Motion to preserve his arguments against the prior memorandum decisions and orders conclusions regarding remedies for appellate review.[19]

---

17, 2025; Reply in Support of Motio to Dismiss Indictment and Disqualify United States Attorney, ECF no. 29 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Jan. 13, 2026; *with* Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Sept. 12, 2025; Amended Response in Opposition to Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 35 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Oct. 14, 2025; Reply in Support of Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 41 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Oct. 24, 2025; Notice of Supplemental Authority, ECF no. 42 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Oct. 29, 2025; Supplemental Brief in Support of Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 53 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025; Supplemental Briefing by the United States, ECF no. 54 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025; Response to Government's Supplemental Briefing, ECF no. 57 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 18, 2025; United States' Response to Defendants' Supplemental Brief, ECF no. 58 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 19, 2025.

[15] Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss and Disqualify at 5-6, ECF no. 34 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Jan. 29, 2026.

[16] *Id*. at 6.

[17] Motion Management Order at 5, ECF no. 92, filed Feb. 2, 2026.

[18] Defendant's Supplemental Memorandum in Support of Motion to Disqualify the United States Attorney and Strike Notice of Expert Testimony at 2, ECF no. 95, filed Feb. 6, 2026.

[19] *Id*. at 2-3.

The USAO filed its supplemental memorandum ("US Supplemental Briefing") on February 10, 2026, agreeing with Mr. Perez that "nothing distinguishes this case or the relief sought here from the cases already analyzed in the [prior memorandum decisions and orders].[20] And the USAO indicated that it "does not request any reconsideration or any different remedy in this case than [that] already imposed in [the] other cases[.]"[21]

Based on Mr. Perez and the USAO's representations and concessions in their supplemental memoranda, there are no material factual or substantive distinctions between the issues and arguments raised in Mr. Perez's Motion and those of the motions filed in the other cases that were subject to the January 14, 2026, and January 29, 2026, memorandum decisions and orders. Oral argument on Mr. Perez's Motion is, therefore, unnecessary and would not affect the Motion's disposition. And Mr. Perez's Motion is ripe for determination.

The discussion, analysis, findings, and conclusions of the January 14, 2026, and January 29, 2026, memorandum decisions and orders entered in the other cases apply equally to the facts, issues, and arguments raised in Mr. Perez's Motion, and dictate the same result. Therefore, the discussion, analysis, findings, and conclusions of the memorandum decisions and orders entered in the other cases[22] are incorporated into this Memorandum Decision and Order. Mr. Perez's Motion is GRANTED in part because Ryan Ellison was not validly acting as United States Attorney for the District of New Mexico following his resignation as interim United States Attorney on August 13, 2025. Mr. Perez's Motion is DENIED in part because he fails to

---

[20] United States' Supplemental Briefing on Motion to Disqualify the First Assistant United States Attorney and FBI Expert Witness at 1, ECF no. 96, filed Feb. 10, 2026.

[21] *Id.*

[22] Memorandum Decision and Order Granting in part and Denying in part Motions to Dismiss and Disqualify at 5-53, ECF no. 59 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Jan. 14, 2026; Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss and Disqualify at 5-6, ECF no. 34 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Jan. 29, 2026.

demonstrate that disqualification of Mr. Ellison or striking the government's notice of expert witness testimony[23] are appropriate remedies.

## ORDER

IT IS HEREBY ORDERED that Perez's Motion[24] is GRANTED in part and DENIED in part.

Ryan Ellison is not, and was never, validly acting as United States Attorney for the District of New Mexico under 5 U.S.C. § 3345(a)(1). He was invalidly claiming to serve in that capacity since his resignation as interim United States Attorney on August 13, 2025. Mr. Ellison may not perform the functions and duties of the United States Attorney as Acting United States Attorney. And any claim, assertion, or statement of Mr. Ellison, the USAO, or the administration that he is the Acting United States Attorney, or interim United States Attorney, or United States Attorney is improper and inaccurate. After entry of this Memorandum Decision and Order, papers filed with those designations in this case are improper and should be stricken. (The US Supplemental Briefing complies with this directive.)

However, Mr. Ellison remains the FAUSA for the District of New Mexico and may perform the functions and duties of *that* position and as validly delegated by Attorney General Pamela Bondi's December 4, 2025, order. This includes "authority to supervise and conduct legal proceedings" in the District of New Mexico and "supervising the conduct of Assistant United States Attorneys and Special Assistant United States Attorneys working on such proceedings."[25] Mr. Ellison is not disqualified from Mr. Perez's case.

---

[23] United States' Amended Notice of Intention to Offer Expert Testimony, ECF no. 54, filed Aug. 21, 2025.

[24] ECF no. 70, filed Jan. 9, 2026.

[25] Order, Attorney General Pamela Bondi, Authorizing Ryan Ellison to Perform the Functions of the United States Attorney for the District of New Mexico, Dec. 4, 2025, ECF no. 54-1 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025.

The actions of the United States Attorney's Office ("USAO") occurring after the date of Mr. Ellison's resignation as interim United States Attorney, August 13, 2025, are not void because they were lawfully made and signed by other attorneys for the government and there has been no showing of due process violations or other irregularities resulting from Mr. Ellison's claimed service as Acting United States Attorney. This includes decisions in the continued prosecution of charges against Mr. Perez and the government's notice of expert witness testimony.[26]

Signed March 13, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[26] United States' Amended Notice of Intention to Offer Expert Testimony, ECF no. 54, filed Aug. 21, 2025.